UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VERONICA POLLARD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:18-cv-377 |
| | ) |
| BMO HOME HEALTH CARE, INC., and | ) |
| CASSIE MCKINLEY, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff, Veronica Pollard ("Pollard"), brings claims against Defendants, BMO Home Health Care, Inc. and Cassie McKinley ("Defendants"), as follows:

## OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), I.C. §22-2-5 et. seq., The Indiana Wage Payment Statute ("IWPS"), I.C. §22-2-9 et. seq. and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IWL"). Defendants violated the FLSA by failing to pay Pollard minimum and overtime wages required by federal and Indiana law. Defendant further violated the Indiana Wage Payment Statute by failing to timely pay Pollard her earned wages in accordance with Indiana law. Pollard pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative.

## PARTIES

2. Pollard is an individual who, at all relevant times, resided in the Northern District of Indiana. She was employed by Defendants within the meaning of the FLSA during the three-

1

year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Pollard was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).  Moreover, Pollard was an employee as defined by I.C. §22-2-2-3.

3. BMO Home Health Care, Inc. ("BMO"), is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Alternatively, BMO is engaged in interstate commerce.  Moreover, BMO is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.  BMO conducts business in Lake County.

4. Cassie McKinley ("McKinley") is the owner, member and/or officer of BMO.  In this capacity, McKinley is involved in the day-to-day operations of the practice.  McKinley has the authority to make decisions regarding wage and hour issues.  At all relevant times, McKinley had responsibility to act on behalf of, and in the interest of, BMO in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Pollard.  As a result, White is an "employer" within the meaning of 29 U.S.C. § 203(d).

5. BMO has been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce and has an annual gross volume of sales made or business done of not less than $500,000.

## JURISDICTION

6. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b).  The Court has supplemental jurisdiction over Pollard's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

7. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391.

## FACTS

8. Pollard was hired by Defendant in or about the end of August 2018.

9. Pollard provided health care to BMO's customers.

10. Pollard was to be paid $10 per hour for all of the work she performed on behalf of Defendants.

11. Defendants failed to pay Pollard all wages she is owed under the FLSA, the IWPS, or the IMWL. Presently, Defendants owe Pollard 73 hours of pay at minimum wage and 2 hours of pay at a rate of one and one-half times minimum wage, and, additionally, holiday pay.

12. Defendants' pay period runs from Sunday to Saturday, every two weeks.

13. For the pay period of September 9, 2018 to September 22, 2018, Pollard worked the following hours during this pay period:

   a. 9/9 – 6 hours

   b. 9/11 – 11 hours

   c. 9/12 – 8 hours

   d. 9/14 – 5 hours

   e. 9/15 – 12 hours

   f. 9/16 – 5 hours

   g. 9/17 – 5 hours

   h. 9/18 – 5 hours

   i. 9/19 – 5 hours

      j.      9/21 – 5 hours

      k.      9/22 – 8 hours

14.    Pollard reported these work hours to Defendants.

15.    Defendants have failed to pay Pollard for one or more of these shifts.

16.    Defendants failed to pay Pollard holiday pay for the hours she worked on Labor Day.

17.    Pollard has suffered financial harm as a result of Defendants' conduct.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

18.    Pollard incorporates paragraphs 1 – 17 herein.

19.    During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum wage requirements of the FLSA.

20.    Pollard was not paid any wages for 75 hours she worked.

21.    Pollard was harmed by Defendants' unlawful willful and/or reckless conduct.

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA WAGE PAYMENT

22.    Pollard incorporates paragraphs 1 – 21 herein.

23.    During the relevant time period, Defendants violated the provisions of Indiana Code §§22-2-5 et. seq. by failing to timely pay Pollard's earned wages.  Pollard is owed $10 per hour for the 73 hours she worked but for which she was not paid and $15 (time and one-half) for two hours she worked during the week of September 9, 2018.

24. Pollard has been harmed by Defendants' conduct, and Defendants do not have a good faith or reasonable basis to have not paid Pollard all the wages she earned in a timely manner as prescribed by the Indiana Wage Payment Statute.

### COUNT III: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

25. Pollard incorporates paragraphs 1 – 24 herein.

26. Pollard pleads her Indiana minimum wage and overtime claims in the alternative.

27. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Pollard at least minimum wage for all of her work hours.

28. Defendants' conduct is willful, reckless, or indifferent to Pollard's rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award her the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Plaintiff unpaid wages and any applicable penalties under Indiana law;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff her attorney's fees;

e. A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA and Indiana law by failing to comply with the minimum wage requirements of the FLSA and Indiana law; and

f.  An Order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        s/ Christopher S. Wolcott
        Christopher S. Wolcott (#23259-32)
        The Wolcott Law Firm LLC
        450 East 96th Street, Ste 500
        Indianapolis, IN  46240
        Tel: (317) 500-0700
        Fax: (317) 732-1196
        E-Mail:  indy2buck@hotmail.com

        Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        /s/ Christopher S. Wolcott
        Christopher S. Wolcott (#23259-32)
        The Wolcott Law Firm LLC
        450 East 96th Street, Ste 500
        Indianapolis, IN  46240
        Tel: (317) 500-0700
        Fax: (317) 732-1196
        E-Mail:  indy2buck@hotmail.com

        Attorney for Plaintiff